**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOYCE WEHRLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>McLAREN HEALTH CARE CORPORATION,<br><br>Defendant. | Case No. 25-cv-11420<br><br>Hon. Matthew F. Leitman |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant McLaren Health Care Corporation ("McLaren"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Class Action Complaint (the "Complaint"). (ECF No. 1.) The grounds for this Motion are set forth in the attached Memorandum of Law.

Pursuant to L. Civ. R. 7.1(d)(i), counsel for McLaren sought concurrence from counsel for Plaintiff on August 8, 2025, but did not obtain concurrence for the relief sought in this Motion.

WHEREFORE, McLaren respectfully requests that the Court grant this Motion, dismiss the Complaint, and award McLaren such other and further relief as is appropriate.

Respectfully Submitted,

Dated: August 8, 2025

MCDONALD HOPKINS LLC

By: */s/ Christopher G. Dean*

Christopher G. Dean
MCDONALD HOPKINS LLC
600 Superior Ave., Ste. 2100
Cleveland, OH 44114
(216) 348-5400
*cdean@mcdonaldhopkins.com*

Timothy J. Lowe
MCDONALD HOPKINS PLC
39533 Woodward Avenue, Ste. 318
Bloomfield Hills, Michigan 48304
(248) 220-1359
*tlowe@mcdonaldhopkins.com*

Jennifer W. Torrez
MCDONALD HOPKINS LLC
300 N. LaSalle St., Ste. 1400
Chicago, IL 60654
(312) 280-0111
*jtorrez@mcdonaldhopkins.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOYCE WEHRLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>McLAREN HEALTH CARE CORPORATION,<br><br>Defendant. | Case No. 25-cv-11420<br><br>Hon. Matthew F. Leitman |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**


STATEMENT OF ISSUES ........ iii

MOST CONTROLLING AUTHORITY ........ v

TABLE OF AUTHORITIES ........ vii

I. INTRODUCTION ........ 1

II. ALLEGED FACTS & CLAIMS ........ 2

III. LEGAL STANDARD ........ 4

IV. ARGUMENT ........ 5

A. Count I for Breach of Fiduciary Duty Fails to Allege a Duty or Damages ........ 5

B. Count II Fails to State a Claim for Violation of the ECPA ........ 6

C. Count III for Invasion of Privacy Fails to State a Claim for Intrusion Upon Seclusion or Public Disclosure of Private Facts ........ 11

1. Plaintiff fails to state a claim for intrusion upon seclusion ........ 11

2. Plaintiff fails to state a claim for public disclosure of private facts ........ 13

D. Count IV for Breach of Implied Contract Fails to Allege Contract Formation or Damages ........ 14

1. Plaintiff fails to allege mutual assent ........ 14

2. Plaintiff fails to allege the exchange of consideration ........ 16

3. Plaintiff fails to allege legally cognizable damages ........ 17

E. Count V Fails to Allege the Elements of Unjust Enrichment ............ 18

F. Count VI for Negligence Fails for Lack of Damages ......................... 20

G. Count VII Fails to Plead a Violation of the Reform Act .................... 21

1. McLaren is not subject to the Reform Act ............................... 22

2. Plaintiff does not plead a failure to protect her "personal data" ......................................................................... 24

V. CONCLUSION ......................................................................... 25

## STATEMENT OF ISSUES

1. Whether the Court should dismiss Plaintiff's claim for breach of fiduciary duty (Count I) where (a) Defendant did not owe a relevant fiduciary duty to Plaintiff, and (b) Plaintiff fails to allege damages cognizable under Michigan law.

Defendant's answer: Yes
The Court should answer: Yes

2. Whether the Court should dismiss Plaintiff's claim for violation of the Electronic Communication Privacy Act ("ECPA") (Count II) because (a) the ECPA is a one-party consent statute and Defendant cannot intercept its own communications as a matter of law, and (b) Plaintiff fails to establish application of the "crime-tort" exception to the party exception.

Defendant's answer: Yes
The Court should answer: Yes

3. Whether the Court should dismiss Plaintiff's claim for invasion of privacy (Count III) because (a) Plaintiff fails to state a claim for intrusion upon seclusion where she does not allege that Defendant obtained her personal data through an objectionable method, and (b) Plaintiff fails to state a claim for public disclosure of private facts where she fails to allege the requisite element of publicity.

Defendant's answer: Yes
The Court should answer: Yes

4. Whether the Court should dismiss Plaintiff's claim for breach of implied contract (Count IV) where Plaintiff fails to allege (a) mutual assent because she does not allege any terms of the purported contract or assent to any such un-alleged terms, and (b) the exchange of consideration; and (c) contract damages cognizable under Michigan law because she alleges only speculative and intangible harms.

Defendants' answer: Yes
The Court should answer: Yes

5. Whether the Court should dismiss Plaintiff's claim for unjust enrichment (Count V) because she fails to plead that she conferred a benefit upon Defendant and, even if she could establish a benefit conferred, she nevertheless fails to plead an unjust retention of any benefit.

| | |
|---|---|
| Defendant's answer: | Yes |
| The Court should answer: | Yes |

6. Whether the Court should dismiss Plaintiff's claim for negligence (Count VI) because she fails to plead an actual, present injury as required under Michigan law to establish cognizable damages.

| | |
|---|---|
| Defendant's answer: | Yes |
| The Court should answer: | Yes |

7. Whether the Court should dismiss Plaintiff's claim for Violation of the Michigan Nonprofit Health Care Corporations Reform Act (the "Reform Act") (Count VII) because (a) Defendant is not subject to the Reform Act, and (b) in any event, Plaintiff does not plead that Defendant failed to protect her "personal data," as that term is defined under the Reform Act.

| | |
|---|---|
| Defendant's answer: | Yes |
| The Court should answer: | Yes |

# MOST CONTROLLING AUTHORITY

**Standard for Motion to Dismiss**

- Fed. R. Civ. P. 12(b)(6)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718 (6th Cir. 2010)

**Breach of Fiduciary Duty Claim**

- *Highfield Beach at Lake Mich. v. Sanderson*, 331 Mich. App. 636 (2020)
- *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707 (E.D. Mich. 2005)
- *Henry v. Dow Chem. Co*., 473 Mich. 63 (2005)

**ECPA Claim**

- 18 U.S.C. § 2511(2)(d)
- *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836 (N.D. Cal. 2017)
- *Caro v. Weintraub*, 618 F.3d 94 (2d Cir. 2010)
- *Boddie v. ABC, Inc.*, 881 F.2d 267 (6th Cir. 1989)
- *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345 (7th Cir. 1995)
- *In Re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778 (N.D. Cal. 2022)

**Invasion of Privacy Claim**

- *Foundation for Behavioral Resources v. W. E. Upjohn Unemployment Trustee Corp.*, 332 Mich. App. 406 (2020)
- Doe *v. Mills,* 212 Mich. App. 73 (1995)
- *Lansing Ass'n of School Adm'rs v. Lansing School Dist. Bd. of Educ.*, 216 Mich. App. 79 (1996)
- *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592 (2014)

**Breach of Implied Contract Claim**

- *In re Estate of Lewis*, 168 Mich. App. 70 (1988)
- *Detroit v. Highland Park*, 326 Mich. 78 (1949)
- *Mallory v. City of Detroit*, 181 Mich. App. 121 (1989)
- *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498 (6th Cir. 1995)

- *Erickson v. Goodell Oil Co.*, 384 Mich. 207 (1970)
- *Burkhardt v. Bailey*, 260 Mich. App., 636 (2004)
- *GMC v. Dep't of Treasury, Revenue Div.*, 466 Mich. 231 (2002)
- *Alar v. Mercy Mem'l Hosp.*, 208 Mich. App. 518 (1995)
- *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161 (2014)
- *Alan Custom Homes, Inc. v. Krol*, 256 Mich. App. 505 (2003)
- *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592 (2014)

**Unjust Enrichment Claim**

- *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187 (2006)
- *Hall v. Centerspace, LP*, No. 22-cv-2028, 2023 WL 3435100 (D. Minn. May 12, 2023)
- *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016)
- *Landstar Express Am., Inc. v. Nexteer Auto. Corp.*, 319 Mich. App. 192 (2017)

**Negligence Claim**

- *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592 (2014)
- *Henry v. Dow Chem. Co.*, 473 Mich. 63 (2005)
- *Nyman v. Thomson Reuters Holdings, Inc.*, 329 Mich. App. 539 (2019)

**Reform Act Claim**

- MCL § 550.1102(2)
- MCL § 550.1406(1)
- MCL § 550.1105(2)
- MCL § 550.1107(4)
- *Electronic Merchant Sys. LLC v. Gaal*, 58 F.4th 877 (6th Cir. 2023)

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alan Custom Homes, Inc. v. Krol*,
256 Mich. App. 505 (2003) ....................17

*Alar v. Mercy Mem'l Hosp.*,
208 Mich. App. 518 (1995) ....................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024)....................9

*B.K. v. Eisenhower Med. Ctr.*,
No. 23-2092, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024) ....................10

*Boddie v. ABC, Inc.*,
881 F2d 267 (6th Cir. 1989) ....................8

*Burkhardt v. Bailey*,
260 Mich. App. 636 (2004) ....................15

*Burton v. William Beaumont Hosp.*,
373 F. Supp. 2d 707 (E.D. Mich. 2005) ....................5

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010) ....................8, 9

*Cf. Irwin v. Jimmy John's Franchise, LLC*,
175 F. Supp. 3d 1064 (C.D. Ill. 2016)....................20

*Delphi Auto. PLC v. Absmeier*,
167 F. Supp. 3d 868 (E.D. Mich. 2016) ....................5

*Desnick v. Am. Broad. Cos., Inc.*,
44 F.3d 1345 (7th Cir. 1995) ....................9



36636720.1

*Detroit v. Highland Park*,
326 Mich. 78 (1949) .......... 14

*Doe v. Henry Ford Health Sys.*,
308 Mich. App. 592 (2014) .......... 13, 17, 20, 21

*Doe v. Mills*,
212 Mich. App. 73 (1995) .......... 11

*Electronic Merchant Sys. LLC v. Gaal*,
58 F.4th 877 (6th Cir. 2023) .......... 23

*Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*,
507 F. Supp. 3d 814 (E.D. Mich. 2020) .......... 15

*Erickson v. Goodell Oil Co.*,
384 Mich. 207 (1970) .......... 15

*Foundation for Behavioral Resources v. W. E. Upjohn Unemployment Trustee Corp.*,
332 Mich. App. 406 (2020) .......... 11

*Fritz v. Charter Twp. Of Comstock*,
592 F.3d 718 (6th Cir. 2010) .......... 4

*Gen. Aviation, Inc. v. Cap. Region Airport Auth.*,
224 Mich. App. 710 (1997) .......... 16, 17

*GMC v. Dep't of Treasury, Revenue Div.*,
466 Mich. 231 (2002) .......... 16

*Hall v. Centerspace, LP*,
No. 22-cv-2028, 2023 WL 3435100 (D. Minn. May 12, 2023) .......... 19

*Henry v. Dow Chem. Co.*,
473 Mich. 63 (2005) .......... 5, 6, 20

*Highfield Beach at Lake Mich. V. Sanderson*,
331 Mich. App. 636 (2020) .......... 5

*In re Estate of Lewis*,
168 Mich. App. 70 (1988) .......................................................................14

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017)...........................................................7

*In re Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573 (N.D. Ill. 2022)............................................................18

*In re Google Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3rd Cir. 2015).........................................................................9

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)............................................................9

*In re SuperValu, Inc., Customer Data Sec. Breach Litig.*,
No. 14-MD-2586, 2018 WL 1189327 (D. Minn. Mar. 7, 2018)...................19

*Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*,
65 F.3d 498 (6th Cir. 1995) .........................................................................14

*Kurowski v. Rush Sys. for Health*,
659 F. Supp. 3d 931 (N.D. Ill. 2023)..............................................................7

*Kurowski v. Rush Sys. for Health*,
683 F. Supp. 3d 836 (N.D. Ill. 2023) ...........................................................12

*Landstar Express Am., Inc. v. Nexteer Auto. Corp.*,
319 Mich. App. 192 (2017) ..........................................................................20

*Lansing Ass'n of School Adm'rs v. Lansing School Dist. Bd. Of Educ.*,
216 Mich. App. 79 (1996) .....................................................................12, 13

*Lewert v. P.F. Chang's China Bistro, Inc.*,
819 F.3d 963 (7th Cir. 2016) ........................................................................19

*Mallory v. City of Detroit*,
181 Mich. App. 121 (1989) ..........................................................................14

*Miller-Davis Co. v. Ahrens Const., Inc.*,
495 Mich. 161 (2014) ........................................................................17

*Morris Pumps v. Centerline Piping, Inc.*,
273 Mich. App. 187 (2006) ..................................................................18

*Nyman v. Thomson Reuters Holdings, Inc.*,
329 Mich. App. 539 (2019) ..................................................................21

*Penner v. Seaway Hosp.*,
169 Mich. App. 502 (1988) ..................................................................17

*Powers v. Peoples Cmty. Hosp. Auth.*,
183 Mich. App. 550 (1990) ..................................................................17

*Rakyta v. Munson Healthcare*,
No. 354831, 2021 WL 4808339 (Mich. App. Oct. 14, 2021) ...............5, 6, 21

*Robinson v. Maintech Inc.*,
No. 23-04458, 2024 WL 5165325 (D.N.J. Dec. 19, 2024) ...........................18

*Swickard v. Wayne Co. Medical Examiner*,
438 Mich. 536 (1991) ........................................................................12

*U.S. v. Blue Cross Blue Shield of Mich.*,
809 F. Supp. 2d 665 (E.D. Mich. 2011) ...................................................22

*Welch v. United Network for Organ Sharing*,
767 F. Supp. 3d 746 (M.D. Tenn. 2025) ....................................................5

**Rules and Statutes**

18 U.S.C. § 2511(2)(d)....................................................................7, 8

Electronic Communications Privacy Act.............................................*passim*

MCL § 550.1102(2) ...........................................................................22

MCL § 550.1105(2) ....................................................................................23, 24

MCL § 550.1107(4) .........................................................................................25

MCL § 550.1406(1) ....................................................................................21, 22

Michigan General Business Corporation Act (Act 284, Public Acts of 1972) .......24

Michigan General Corporation Act (Act 327, Public Acts of 1931).......................24

Michigan Nonprofit Corporation Act (Act 62 of the Public Acts of 1982) ...........24

Defendant McLaren Health Care Corporation ("McLaren"), in support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Class Action Complaint (the "Complaint," ECF No. 1), states as follows:

## I. INTRODUCTION

This class action is one of many filed throughout the country seeking to impose crushing liability on healthcare providers relating to the use of commonplace analytics technology on publicly available websites. Here, Plaintiff Joyce Wehrle ("Plaintiff") claims that McLaren employed certain analytics tools, including Google Analytics and the LinkedIn Insight Tag, commonly known as "pixels," to transmit information about users of its website to Meta, Google, and/or other third parties for marketing and advertising purposes. Plaintiff does not allege that these technologies were installed on McLaren's secure patient portal. Rather, her allegations are limited to web pages that can be accessed by anyone with an internet connection.

Despite that and her inability to allege actual injury, Plaintiff seeks to impose financially destructive statutory penalties of $10,000 per person under the federal Electronic Communications Privacy Act ("ECPA") and $200 per person under the Michigan Nonprofit Health Care Corporations Reform Act (the "Reform Act").

Plaintiff fails to state a claim. *First*, her breach of fiduciary duty claim fails because Plaintiff does not allege the existence of a relevant duty or damages. *Second*, her ECPA claim fails because Plaintiff does not allege an unauthorized interception

or grounds to apply the statute's "crime-tort" exception. *Third*, her claim for invasion of privacy fails because Plaintiff does not allege the elements of intrusion upon seclusion or public disclosure of private facts. *Fourth*, her breach-of-implied-contract claim fails because Plaintiff does not allege mutual assent, consideration, or damages. *Fifth*, her unjust-enrichment claim fails because Plaintiff did not plead that she conferred a benefit on McLaren or any unjust retention of some benefit. *Sixth*, her negligence claim fails because Plaintiff has not alleged actual injury or damages. And *seventh*, her Reform Act claim fails because that statute does not apply to McLaren, and even if it did, Plaintiff failed to plead the core element of a claim. For these reasons, and as set forth more fully below, the Complaint should be dismissed.

## II. ALLEGED FACTS & CLAIMS

McLaren is a Michigan nonprofit healthcare corporation headquartered in Grand Blanc, Michigan. (Compl. ¶ 10.) Plaintiff alleges that McLaren owns and operates a public-facing website, www.mclaren.org (the "Website"), through which individuals and patients can access various healthcare-related resources, including information regarding providers, medical conditions, and treatments. (*Id*. at ¶ 105.) Plaintiff further alleges that the Website can be used for scheduling appointments and locating treatment facilities. (*Id*. at ¶ 3.) Plaintiff alleges that she has been a patient of McLaren since 2022, (*id*. at ¶¶ 8, 104), during which she claims she used the Website, including to book medical appointments, (*id*. at ¶ 104, 109).

According to Plaintiff, McLaren deployed certain "tracking tools" on its Website, which disclosed patients' sensitive health information and personal data to Meta, Google, and others. (*Id*. at ¶ 2.) Specifically, she claims McLaren embedded Meta Pixel, Google Analytics, and Google Tag Manager into the source code of the Website, and that these technologies can collect information relating to a user's interaction with the Website. (*Id*. at ¶ 4.) Plaintiff alleges that McLaren utilized this technology "for marketing purposes to bolster its profits." (*Id*. at ¶ 73.) Plaintiff does not allege that the Meta Pixel, Google Analytics, Google Tag Manager, or any other third-party technologies were deployed on McLaren's secure patient portal.

Based on these allegations, Plaintiff asserts seven causes of action: (1) breach of fiduciary duty; (2) violation of the ECPA; (3) invasion of privacy; (4) breach of implied contract; (5) unjust enrichment; (6) negligence; and (7) violation of the Reform Act. Plaintiff seeks to represent two putative classes, including a proposed nationwide class and a Michigan subclass defined as:

> All individuals residing in the United Sates who are, or were, patients of Defendant or any of its affiliates, used Defendant's Website and had their Private Information disclosed to a third party without authorization. (*Id*. at ¶ 145.)
>
> All individuals residing in Michigan who are, or were, patients of Defendant or any of its affiliates, used Defendant's Website, and had their Private Information disclosed to a third party without authorization or consent. (*Id*. at ¶ 146.)

Plaintiff seeks actual, statutory, and equitable relief, along with attorneys' fees and costs on behalf of herself and the putative classes. (*Id*. at pp. 65-66.)

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Although the court must draw all reasonable inferences in favor of the plaintiff, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 679; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

Plaintiff's claims fail as a matter of law. Each is addressed in turn below.

### A. Count I for Breach of Fiduciary Duty Fails to Allege a Duty or Damages.

Plaintiff alleges that McLaren breached its fiduciary duty to safeguard patient personal information. (Compl. ¶ 164.) To state a breach-of-fiduciary-duty claim, a plaintiff must allege: (1) the existence of a fiduciary duty; (2) breach of the duty; and (3) resulting damages. *Highfield Beach at Lake Mich. v. Sanderson*, 331 Mich. App. 636, 666 (2020) (citing *Delphi Auto. PLC v. Absmeier*, 167 F. Supp. 3d 868, 884 (E.D. Mich. 2016)). Here, Plaintiff fails to allege the duty and damages elements.

McLaren, as a hospital, does not owe a fiduciary duty to Plaintiff in relation to the operation of its Website. *See Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 723-24 (E.D. Mich. 2005) (holding hospital did not owe a fiduciary duty to patients with respect to billing practices, because "in the context of a doctor-patient relationship, Michigan courts have limited a fiduciary duty to medical care"); *see also Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 785 (M.D. Tenn. 2025) (collecting cases and finding federal and state courts have held that a hospital does not owe a fiduciary duty to patients). That principle is dispositive here.

Additionally, "Michigan law requires more than a merely speculative injury." *Henry v. Dow Chem. Co.*, 473 Mich. 63, 72 (2005). As a result, "only damages that arise from an actual, present injury, are cognizable." *Rakyta v. Munson Healthcare*,

No. 354831, 2021 WL 4808339, at *3 (Mich. App. Oct. 14, 2021) (citing *Henry*, 473 Mich. at 75-76). The present physical injury requirement "more clearly defines who actually possesses a cause of action," "reduces the risks of fraud," and ensures "that there will be standards—legally comprehensible standards that guide the judicial branch's resolution of the matters brought before it." *Henry*, 473 Mich. at 76.

In this case, Plaintiff does not claim to have suffered any actual, present injury giving rise to non-theoretical, quantifiable, and compensable damages. For example, she does not claim to have suffered identity theft, misuse of funds, or impairment of credit due to any purported exposure of information. Instead, she claims to have suffered abstract injuries such as "invasion of privacy," "loss of the benefit of the bargain," "diminution in value" of personal information, and the potential for "ongoing risk" to personal information. (Compl. ¶ 6.) These speculative purported injuries do not give rise to cognizable damages under Michigan law. *See Rakyta*, 2021 WL 4808339 at *3. Plaintiff's breach-of-fiduciary-duty claim therefore fails.

## B. Count II Fails to State a Claim for Violation of the ECPA.

In Count II of the Complaint, Plaintiff alleges that McLaren unlawfully intercepted and disclosed her electronic communications in violation of the ECPA. To state a claim for violation of the ECPA, a plaintiff must show that "the defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic

communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotation marks omitted). Here, the claim fails because McLaren was the intended recipient of the alleged communications and thus could not "intercept" them as a matter of law.

The ECPA is a one-party consent statute. 18 U.S.C. § 2511(2)(d). As such, it does not apply where the alleged interceptor was a party to the communication—the so-called party exception. Specifically, the statute provides:

> It shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

*Id*.

In this case, the only communications Plaintiff alleges were intercepted were her interactions with McLaren's Website, (Compl. ¶ 176), to which McLaren was a party. Plaintiff thus cannot state a claim under the ECPA. *See Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 938 (N.D. Ill. 2023) ("The Court concludes that [the defendant]—and not Facebook, Google, or Bidtellect—was the intended recipient of the allegedly intercepted communications here. [The defendant] is therefore a party to those communications and cannot be liable under the Wiretap Act for its alleged interception of them, if such an interception even occurred.").

In a half-hearted attempt to circumvent the party exception by triggering the "crime-tort" exception to the exception, Plaintiff alleges that McLaren intercepted communications "for the purpose of committing a tortious or criminal act." (Compl. ¶ 186.) But Plaintiff pleads no facts to support that conclusion, instead relying on oblique references to "violations of HIPAA and invasion of privacy, among others." (*Id.*) This unsupported conclusion is insufficient to meet her pleading burden.

The crime-tort exception requires Plaintiff to plausibly allege facts demonstrating that McLaren intercepted the communication "for the purpose" of committing a crime or tort. 18 U.S.C. § 2511(2)(d). As the Second Circuit explained:

> Congress chose the word "purpose" for a reason. Therefore, the offender must have as her objective a tortious or criminal result. Had Congress intended for the act of recording itself to provide the tortious intent necessary, it could have chosen to define the exception in terms of interception of oral communications *resulting in* a tortious or criminal act. But Congress limited the cause of action to instances *where one party to the conversation deliberately seeks to harm the other participant* through the information intercepted.

*Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010) (second emphasis added). In considering the crime-tort exception, the Sixth Circuit observed that, in light of the draconian statutory penalties available under the ECPA and "evil purposes" that it attempts to govern, it is "the use of the interception with intent to harm rather than the fact of interception that is critical to liability . . . ." *Boddie v. ABC, Inc.*, 881 F.2d 267, 270 (6th Cir. 1989) (internal quotations omitted). Consequently, it is not enough to allege the defendant acted with a purpose that may have resulted in a crime or tort.

*Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353 (7th Cir. 1995) (upholding dismissal of ECPA claim where defendants did not send investigators into plaintiffs' office in order to commit a tort, even if the resulting broadcast was defamatory, because there was no evidence defendants' purpose was to defame plaintiffs).

Other courts, including in pixel cases, have reached the same conclusion. *See, e.g.*, *In Re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) ("Under this exception, plaintiffs must allege that either the 'primary motivation or a determining factor in [the defendant's] actions has been to injure plaintiffs tortiously.'"); *see also B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) (similar holding in dismissing ECPA claim).[1]

*B.K.* is instructive. There, the plaintiffs based an ECPA claim on the allegation that the defendant "engaged in the allegedly illegal interception of their . . . information for [the defendant's] commercial advantage." 721 F. Supp. 3d at 1065. The court dismissed the claim, holding the plaintiffs failed to plead facts plausibly

---

[1] What's more, a plaintiff must not only plead that the defendant intended harm, "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording." *In re Google Cookie Placement Consumer Priv. Litig*, 806 F.3d 125, 145 (3rd Cir. 2015) (quoting *Caro*, 618 F.3d at 100) (emphasis in original); *see also Eisenhower*, 721 F. Supp. 3d at 1065 (same). In other words, a "simultaneous tort arising from the act of recording itself is insufficient," because "[n]othing more is required after the interception is made for liability to attach based on this tort." *Caro*, 618 F.3d at 100-01. Consequently, Plaintiff must allege that McLaren acted with the intent to commit a crime or tort separate from the use of analytics technology on the Website.

demonstrating that "this purpose constitutes independently illegal or actionable conduct such that the party exception is inapplicable." *Id.* (citation omitted). On the plaintiff's motion for reconsideration, the court reaffirmed, explaining that vague references to HIPAA violations cannot serve as the basis for the ECPA's crime-tort exception. *B.K.*, No. 23-2092, 2024 WL 2037404, *4 (C.D. Cal. Apr. 11, 2024) (citations omitted). Rather, specific factual allegations demonstrating a plausible independent crime or tort are required before the exception applies. *Id.*

Here, Plaintiff has not pled those facts. Indeed, she does not allege that McLaren purposely injured her or acted with deliberate intent to harm. Instead, as in *B.K.*, Plaintiff expressly alleges that McLaren employed tracking technology "for marketing purposes to bolster its profits." (*Id.* at ¶ 73.) And the most she can muster in an attempt to show some supposedly nefarious plan is the threadbare allegation that by "sending and acquiring the contents of [her] communications relating to the browsing of McLaren Health's Website . . . McLaren Health's purpose was tortious and designed to violate federal and state law . . . ." (Compl. ¶ 187.) That is not enough. Even if Plaintiff had alleged facts to support the existence of a tort, the issue is not whether a tort occurred, but whether McLaren acted with a deliberate intent to injure its patients, including Plaintiff. There is no reason to infer it did.

For all of these reasons, Plaintiff's ECPA claim should be dismissed.

### C. Count III for Invasion of Privacy Fails to State a Claim for Intrusion Upon Seclusion or Public Disclosure of Private Facts.

In Michigan, invasion of privacy consists of four distinct torts: (1) intrusion upon seclusion; (2) public disclosure of embarrassing private facts; (3) publicity placing the plaintiff in a false light; or (4) appropriation of the plaintiff's name or likeness for the defendant's advantage. *Foundation for Behavioral Resources v. W. E. Upjohn Unemployment Trustee Corp.*, 332 Mich. App. 406, 409 (2020). Plaintiff does not identify which type of claim she alleges. However, appropriation and false light are inapplicable, so she presumably is asserting a claim for either intrusion upon seclusion or public disclosure of private facts. Either way, Count III fails.

#### 1. Plaintiff fails to state a claim for intrusion upon seclusion.

To establish invasion of privacy based on intrusion upon seclusion, a plaintiff must demonstrate: (1) the existence of a secret and private subject matter; (2) her right to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man. *Doe v. Mills*, 212 Mich. App. 73, 88 (1995) (citations omitted). Importantly, "[a]n action for intrusion upon seclusion focuses on the manner in which information is obtained, not its publication; it is considered analogous to a trespass." *Id*.

Here, Plaintiff fails to allege that McLaren obtained her information through some objectionable method. She claims that she has a "statutory privacy interest" in her "name[], portrait[], picture[], and voice[]," (Compl. ¶ 193), and that McLaren

"transmitted [her] name[] and/or [Facebook ID] to third parties . . . for targeted advertising and other commercial purposes," (*id.* at ¶ 195). But Plaintiff concedes that she voluntarily provided information to McLaren through its Website. (*See id.* ¶ 112.) As such, her provision of information to McLaren was not only expected, it was intended. Plaintiff's grievance, then, is a result of the purported *publication* of her information to third parties, not the manner in which it was obtained. In other words, "[i]t is the contemplated disclosure, not the method of the disclosure, that [Plaintiff] find[s] intrusive and objectionable," *Lansing Ass'n of School Adm'rs v. Lansing School Dist. Bd. of Educ.*, 216 Mich. App. 79, 88 (1996) ("*Lansing*") (citing *Swickard v. Wayne Co. Medical Examiner*, 438 Mich. 536, 549, n. 10 (1991))—which is insufficient for an intrusion-upon-seclusion claim.

*Kurowski v. Rush System for Health*, 683 F. Supp. 3d 836 (N.D. Ill. 2023), another pixel case, is illustrative. As in Michigan, Illinois law distinguishes between the method of obtaining information and the publication of it. *Id.* at 848-49. The *Kurowski* court dismissed the intrusion-upon-seclusion claim because "the harm caused by [the defendant], if any, continues to be its alleged disclosure of the [plaintiff's] private health information." *Id*. at 849. The same is true here. McLaren "cannot plausibly be considered to have intruded on, intercepted, or 'bugged' private communications that [it was] always the intended recipient of." *Id*. As such, to the

extent Plaintiff attempts to assert invasion of privacy premised on a supposed intrusion upon her seclusion, her claim fails and must be dismissed.

**2. Plaintiff fails to state a claim for public disclosure of private facts.**

To state a claim for public disclosure of private facts, a plaintiff must allege: "(1) the disclosure of information (2) that is highly offensive to a reasonable person and (3) that is of no legitimate concern to the public." *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592, 597 (2014) (internal quotations omitted). "[P]ublicity" is an essential element of the claim, which "involves a communication to so many persons that the matter is substantially certain to become public knowledge." *Lansing*, 216 Mich. App. at 89. Consequently, a "defendant does not invade a plaintiff's right of privacy by communicating a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id*. (cleaned up).

Here, although Plaintiff alleges McLaren disclosed her personal information to Meta and Google, (Compl. ¶¶ 195, 202), she does not allege a disclosure beyond those two companies. Nor does she allege that any individual actually received or viewed her information; rather, her complaint concerns a "contemporaneous," automated transmission of data to Meta and Google. (*Id.* ¶¶ 48, 75, 111.) Thus, far from alleging a disclosure "to so many persons that" her personal information "is substantially certain to become public knowledge," *Lansing*, 216 Mich. App. at 89, Plaintiff fails to allege disclosure to even a single person. Publicity is thus lacking.

### D. Count IV for Breach of Implied Contract Fails to Allege Contract Formation or Damages.

Plaintiff alleges that, "as a condition of utilizing Defendant's Website and receiving services from Defendant's health care facilities and professionals," she provided her "Personal Information and compensation for [her] medical care." (Compl. ¶ 206.) Based on that allegation, Plaintiff concludes that she "entered [into] an implied contract pursuant to which Defendant agreed to safeguard and not disclose [her] Private Information without consent." (*Id.* at ¶ 207.)

An implied-in-fact contract arises "when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." *In re Estate of Lewis*, 168 Mich. App. 70, 75 (1988). An implied contract "does not exist, unless the minds of the parties meet, by reason of words or conduct." *Detroit v. Highland Park*, 326 Mich. 78, 100 (1949). Like an express contract, "[a]n implied contract must also satisfy the elements of mutual assent and consideration." *Mallory v. City of Detroit*, 181 Mich. App. 121, 127 (1989).

Here, Plaintiff fails to allege (1) mutual assent and (2) consideration to support formation of a contract, and (3) the requisite element of cognizable damages.

#### 1. Plaintiff fails to allege mutual assent.

"[A]n implied-in-fact contract arises between parties when those parties show a mutual intention to contract." *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 504 (6th Cir. 1995). A contract can be implied in fact where the

intention as to it is "gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212 (1970). Mutual assent, or a meeting of the minds, as to "all essential terms of a contract" is a "fundamental tenet of all contracts." *Burkhardt v. Bailey*, 260 Mich. App., 636, 655 (2004); *see also Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 828 (E.D. Mich. 2020) (dismissing breach-of-implied-contract claim for failure to allege mutual assent to terms).

Here, Plaintiff does not even attempt to identify a potential source for terms of this purported implied contract. Indeed, the Complaint is devoid of any terms, much less the specific conduct, language, or circumstances from which an agreement to be bound can be inferred. For example, she does not allege that McLaren made any representation at all with respect to its Website, let alone that she received, reviewed, or understood those un-alleged representations to be some sort of contractual commitment from McLaren. As such, Plaintiff's allegations fall far short of alleging circumstances supporting an implication of mutual assent to *any*—let alone "all"—contractual terms. Absent allegations that terms existed and that the parties discussed, understood, or were even aware of these necessary terms, Plaintiff has not alleged a meeting of the minds was reached, and her contract claim fails.

**2. Plaintiff fails to allege the exchange of consideration.**

Consideration is a bargained-for exchange. *GMC v. Dep't of Treasury, Revenue Div.*, 466 Mich. 231, 238 (2002) (citation omitted). "There must be a benefit on one side, or a detriment suffered, or service done on the other." *Id*. at 238-39.

Here, Plaintiff does not allege that *she* provided any consideration for a supposed contract. She does not, for example, claim to have paid McLaren for the use of its Website. Nor could she; the Website is accessible to the public at large. And although she claims to have paid for medical care, (*see* Compl. ¶ 135), those payments are not consideration because no connection exists between them and the purported agreement at issue. The alleged payments, in other words, were, by Plaintiff's admission, for medical treatment, *not* Website usage or data security.

Moreover, Plaintiff fails to allege that *McLaren* provided any consideration for the contract. Although consideration need not be substantial and can be as simple as a promise, Plaintiff does not even allege that—a promise—by McLaren. Even if she had alleged some promise to protect information, that would not be enough because a "pledge to undertake a preexisting statutory duty is not supported by adequate consideration." *Gen. Aviation, Inc. v. Cap. Region Airport Auth*., 224 Mich. App. 710, 715 (1997) (affirming dismissal of contract claim where defendant owed a preexisting obligation under the Michigan Aeronautics Code); *Alar v. Mercy Mem'l Hosp*., 208 Mich. App. 518, 525 (1995) (hospital promise to keep patient information

confidential not consideration due to preexisting duty to protect information). Thus, where the law requires a party to take certain actions, those actions cannot be recast as contractual obligations. *See Gen. Aviation*, 224 Mich. App. at 715.[2] Here, Plaintiff not only fails to specify *any* consideration provided by McLaren, she expressly alleges that McLaren had preexisting statutory and common law duties to maintain the confidentiality of her information. (Compl. ¶¶ 5, 170.) Thus, any purported commitment by McLaren to comply with those alleged duties is not legally valid consideration to support contract formation. The claim fails for this reason, too.

**3. Plaintiff fails to allege legally cognizable damages.**

A plaintiff asserting breach of contract must show damages. *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014). Damages are not presumed; they must be proved with "reasonable certainty" and are recoverable only if they "are the direct, natural, and proximate result of [a] breach." *Alan Custom Homes, Inc. v. Krol*, 256 Mich. App. 505, 512 (2003). Nor may damages be speculative. *See Henry Ford*, 308 Mich. App. at 602 ("Because [plaintiff's] speculative damages derive from a possible future harm that might or might not occur, rather than directly from the breach of contract, plaintiff may not recover under contract law . . . .").

---

2 This principle applies to contracts express and implied, including with respect to healthcare providers. *See, e.g.*, *Powers v. Peoples Cmty. Hosp. Auth.*, 183 Mich. App. 550, 554 (1990); *Penner v. Seaway Hosp.*, 169 Mich. App. 502, 511 (1988).

Here, Plaintiff does not claim to have suffered any legally cognizable contract damages. For example, she does not allege any facts suggesting that she or putative class members spent money on credit monitoring or incurred any other form of out-of-pocket losses arising from the use of the Website. Accordingly, she does not claim to have suffered any actual, non-speculative loss as a result that can be recovered under a breach of contract theory. Count IV therefore should be dismissed.

**E. Count V Fails to Allege the Elements of Unjust Enrichment.**

In Count V for unjust enrichment, Plaintiff alleges that McLaren "benefits from the use of" her personal information and "unjustly retained those benefits." (Compl. ¶ 214.) To state a cause of action for unjust enrichment, a "plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (2006). Plaintiff's claim fails at every step of the analysis.

First, Plaintiff fails to plead that she conferred a benefit on McLaren. "Courts have . . . routinely rejected the proposition that an individual's personal identifying information has an independent monetary value." *In re Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 592 (N.D. Ill. 2022) (internal quotation omitted) (collecting cases and dismissing unjust-enrichment claim); *see also Robinson v. Maintech Inc.*, No. 23-04458, 2024 WL 5165325, at *3 (D.N.J. Dec. 19, 2024)

("[C]ourts in this district have dismissed similar unjust enrichment claims based on 'conferring' PII."); *Hall v. Centerspace, LP*, No. 22-cv-2028, 2023 WL 3435100, at *6 (D. Minn. May 12, 2023) (dismissing claim where plaintiff did "not identify a benefit plausibly conferred upon [defendant] through the provision of PII"). Thus, Plaintiff fails to plead she conferred a benefit on McLaren.

Second, even if the provision of PII were a form of benefit, Plaintiff does not allege that she provided the information in exchange for data-security services from McLaren. In fact, the only thing she claims to have paid for is "health care services," (Compl. ¶ 135), which is distinct from use of the Website, inasmuch as one can use the Website without ever receiving, much less paying for, medical care.

Third, Plaintiff's fallback theory (at ¶ 135) that she would have paid less for services had she known about McLaren's alleged use of tracking tools applies "only where the product itself was defective or dangerous and consumers claim they would not have bought it (or paid a premium for it) had they known of the defect." *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016); *In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, No. 14-MD-2586, 2018 WL 1189327, at *16 (D. Minn. Mar. 7, 2018) (same). Plaintiff does not allege that there was anything dangerous or defective about the health care services she received. Accordingly, her overpayment theory is inapplicable here.

And fourth, Plaintiff has not pled unjust retention of a benefit (to the extent a benefit exists). Even if Plaintiff's provision of personal information through her activity on the Website could be considered a benefit, "not all enrichment is necessarily unjust." *Landstar Express Am., Inc. v. Nexteer Auto. Corp.*, 319 Mich. App. 192, 205 (2017). No dispute exists that Plaintiff received the medical treatment and information she supposedly sought from McLaren; the quality of McLaren's care is not at issue. *Cf. Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) (dismissing unjust-enrichment claim against restaurant because plaintiff "did not pay for a side order of data security and protection; it was merely incident to her food purchase, as is the ability to sit at a table to eat her food, or to use Jimmy John's restroom"). Her claim fails for any and all of these reasons.

**F. Count VI for Negligence Fails for Lack of Damages.**

To state a negligence claim, a plaintiff must plead facts demonstrating the existence of a duty, breach of that duty, causation, and damages. *Henry v. Dow Chem. Co.*, 473 Mich. 63, 72 (2005). "Underlying these four elements is the issue of injury, and it is well settled that, in Michigan, the injury complained of in a negligence action must be an actual, present injury." *Henry Ford*, 308 Mich. App. at 600. "Michigan law requires more than a merely speculative injury." *Henry*, 473 Mich. at 72. The Michigan Supreme Court has emphasized that it "is a *present* injury, not fear of an injury in the future, that gives rise to a cause of action under negligence

theory." *Id.* at 73 (emphasis in original); *see also Rakyta*, 2021 WL 4808339 at *3 ("[O]nly damages that arise from an actual, present injury, are cognizable under Michigan law."). Here, Plaintiff fails to properly plead an actual, present injury.

Plaintiff must plead more than a mere speculative injury. *See*, *supra* § IV(A). Despite that, she does not allege any actual or attempted impairment to her identity or credit, as is necessary to establish an actionable injury under Michigan law. Instead, she alleges only theoretical harms like "invasion of privacy," "loss of the benefit of the bargain," "diminution in value" of personal information, and the potential for "ongoing risk" to personal information. (*See* Compl. ¶ 6.) These are the same types of amorphous and speculative injuries that Michigan courts have consistently rejected as insufficient to demonstrate an actual, present injury. *See, e.g.*, *Henry Ford*, 308 Mich. App. at 601; *Nyman v. Thomson Reuters Holdings, Inc.*, 329 Mich. App. 539, 553-54 (2019); *Rakyta*, 2021 WL 4808339 at *3 (all affirming dismissal). Absent well-pled facts showing an actual injury giving rise to legally cognizable damages, Plaintiff fails to state a claim for negligence.

**G. Count VII Fails to Plead a Violation of the Reform Act.**

In her final cause of action, Plaintiff contends that McLaren violated § 550.1406(1) of the Reform Act by "failing to adequately safeguard Plaintiff's PII/PHI from unauthorized access . . . ." (Compl. ¶ 231.) And this, she claims, entitles her to recover massive statutory damages of $200 for herself and each of the putative

class members, even in the absence of tangible harm. (*Id.* ¶ 232.) Plaintiff is wrong, and her claim under the Reform Act fails for multiple reasons.

To start, the Reform Act's stated purpose is to empower the Commissioner of Insurance to regulate nonprofit health care corporations "to secure for all the people of [Michigan] . . . the opportunity for access to health care services at a fair and reasonable price." MCL § 550.1102(2); *see also U.S. v. Blue Cross Blue Shield of Mich.*, 809 F. Supp. 2d 665, 666-67 (E.D. Mich. 2011). Simply put, the Reform Act was not intended to be a generally applicable data-privacy statute. Plaintiff is attempting to stretch application of the statute beyond its intended purpose.

Even if not for that, the claim fails because: (a) McLaren is not subject to the Reform Act; and (b) Plaintiff does not plead a failure to protect her "personal data."

**1. McLaren is not subject to the Reform Act.**

The Reform Act provides, in relevant part:

> A health care corporation shall, in order to ensure the confidentiality of records containing personal data that may be associated with identifiable members, use reasonable care to secure these records from unauthorized access and to collect only personal data that are necessary for the proper review and payment of claims and for health care operations, treatment, and research.

MCL § 550.1406(1). By its plain language, the Reform Act applies to "health care corporations." A "health care corporation" is defined by the statute as "a nonprofit hospital service corporation . . . incorporated or reincorporated under this act or incorporated or consolidated under former Act No. 108 or 109 of the Public Acts of



36636720.1

1939." MCL § 550.1105(2). Thus, the Reform Act regulates only those entities that are incorporated, reincorporated, or consolidated under the specified acts.

Plaintiff attempts to establish the applicability of the law by alleging that "[a]s a nonprofit health care corporation incorporated in the State of Michigan and providing health care and hospital services in the state, McLaren Health is and was at all relevant times a 'health care corporation' as that term is defined in MCL §§ 550.1105(2) and 50.1406 [*sic*]." (Compl. ¶ 229.) That allegation is doubly deficient. *First*, it's a legal conclusion (that need not be accepted as true) without the critical factual underpinning, *i.e.*, that McLaren was incorporated, reincorporated, or consolidated under the Reform Act or other specified acts. And *second*, it's wrong.

McLaren was not incorporated, reincorporated, or consolidated under the Reform Act or the other acts identified in the definition of "health care corporation." This is confirmed by McLaren's publicly available articles of incorporation, which, as a public record, this Court can take judicial notice of. *Electronic Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ("the court may, in undertaking a 12(b)(6) analysis, take judicial notice of matters of public record") (cleaned up).[3]

---

[3] The relevant articles of incorporation can be found on the Michigan Business Registry Portal. Links to the specific documents are provided below, but for the Court's convenience, copies are also attached as Exhibits A and B hereto.

1981: https://mibusinessregistry.lara.state.mi.us/api/report/GetImageByNum/218204075046218022104210164216252175029071147211

McLaren's articles of incorporation confirm that it was incorporated (under the name Genesee Valley Health Services, Inc.) in 1981 under the Michigan General Corporation Act (Act 327, Public Acts of 1931), together with Michigan's General Business Corporation Act (Act 284, Public Acts of 1972). In the years since it was incorporated, McLaren has consistently operated under the provisions of Michigan's modern nonprofit statute, Chapter Six of the Michigan Nonprofit Corporation Act (Act 62 of the Public Acts of 1982)—not the Reform Act or the other acts specified therein. (*See* Exs. A-B.) Because McLaren was not formed or re-formed under any act specified in MCL § 550.1105(2), it does not meet the statutory definition of a "health care corporation" and thus is not subject to the Reform Act. Plaintiff did not—and *cannot*—allege factual support for her erroneous conclusion to the contrary. Count VII therefore must be dismissed with prejudice.

**2. Plaintiff does not plead a failure to protect her "personal data."**

Even if the Reform Act applied, the claim should be dismissed because Plaintiff does not plead a failure to protect her "personal data." The Reform Act defines "personal data" as:

> a document incorporating medical or surgical history, care, treatment, or service; or any other similar record, including an automated or computer accessible record, relative to a member, which is *maintained or stored* by a health care corporation.

---

2014: https://mibusinessregistry.lara.state.mi.us/api/report/GetImageByNum/231085114024013032137206098191019011185229182188

MCL § 550.1107(4) (emphasis added).

Here, Plaintiff alleges that she used the Website to "look for providers, review conditions and treatments, make appointments and communicate with her providers." (Compl. ¶ 105.) None of these allegations meets the definition of "personal data" under the Reform Act. Plaintiff does not allege, for example, the existence of any document incorporating medical or surgical history, care, treatment, or service. Nor does she plead that any information purportedly disclosed contained any information "maintained or stored" by McLaren. The Reform Act claim should be dismissed for this reason, too.

## V. CONCLUSION

For the foregoing reasons, McLaren respectfully requests that the Court grant its motion to dismiss the Complaint, and award it such other and further relief as is appropriate.

Respectfully Submitted,

Dated: August 8, 2025

By: */s/ Christopher G. Dean*

Christopher G. Dean
MCDONALD HOPKINS LLC
600 Superior Ave., Ste. 2100
Cleveland, OH 44114
(216) 348-5400
*cdean@mcdonaldhopkins.com*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2025, I served the forgoing Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Class Action Complaint and Memorandum of Law in Support Thereof through the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Christopher G. Dean*